Owen Thomas HARRIS, Appellant,

v.

The STATE of Texas.

No. PD–0945–10.

Court of Criminal Appeals of Texas.

Nov. 9, 2011.

---

Virgina K. Burt, Sinton, for Appellant.

Adolfo Aguilo, Jr., Asst. District Atty., Corpus Christi, Lisa C. McMinn, State's Attorney, Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, KEASLER, COCHRAN, and ALCALA, JJ., joined.

Appellant, Owen Thomas Harris, was convicted of three offenses of indecency with a child by exposure. TEX. PENAL CODE § 21.11(a)(2)(A). The court of appeals affirmed, rejecting Appellant's double jeopardy argument that he received multiple punishments for the same offense. *Harris*

*v. State*, 360 S.W.3d 1 (Tex.App.-Corpus Christi 2010) (not designated for publication). We exercised our discretionary authority to review this decision, and we will reverse the judgment of the court of appeals and remand the case to reform the judgment and sentence.

## I. FACTS

Pursuant to a three-count indictment, Appellant entered an open plea of guilty, and he was convicted in a single proceeding of three offenses of indecency with a child by exposure. These three convictions arise out of a single act or criminal episode during which Appellant masturbated in his car knowing that a six-year-old girl and two nine-year-old girls were present.[1] After a punishment hearing, the trial court sentenced Appellant to ten years' imprisonment for each count, with counts 1 and 2 running consecutively, and the sentence for count 3 running concurrently with counts 1 and 2.

## II. CORPUS CHRISTI COURT OF APPEALS

On direct appeal, Appellant argued that the trial court erred in the conviction and punishment of three separate counts of indecency by exposure, arising from the same criminal episode, when the offense is a non-victim-based crime for which double jeopardy bars multiple prosecutions.[2] The Corpus Christi Court of Appeals disagreed and affirmed the trial court's judgment. *Harris*, at 5–8.

The court of appeals noted that "the Double Jeopardy Clause 'does not restrict a legislature from carving as many offenses as it chooses from one transaction so long as each offense requires proof of a fact which the other does not.'" *Id.* at 7 (quoting *Phillips v. State*, 787 S.W.2d 391, 394 (Tex.Crim.App.1990)). Then, relying on *Baggett v. State*, 860 S.W.2d 207 (Tex. App.-Houston [1st Dist.] 1993, no pet.) (op. on reh'g), the court decided that Section 21.11(a)(2)(A) "provides a distinct offense against each child present by a single act of exposure." *Harris*, at 7. It explained that "[p]roof of an identifiable child as an additional element of the statute is required, and thus an offense against each child present would constitute a separate crime." *Id.* at 7. Hence, the court reasoned that, because three different children were involved in this case, double jeopardy did not bar multiple prosecutions for the same act of indecency with a child. *Id.* at 7–8.

We granted Appellant's petition for discretionary review to determine whether his right against double jeopardy was violated. Specifically, the ground upon which we granted review states the following:

Did the Court of Appeals err in requiring the child's name as a necessary element of proof for the crime of indecency with a child by exposure, unlike the lesser charge of indecent exposure, which does not require the victim's name as an element of the crime, affecting appellant's double jeopardy claim?

## III. ARGUMENTS OF THE PARTIES

### A. *Appellant's Argument*

Appellant contends that he was subjected to multiple punishments for the same

---

1. Each count of the indictment was identical, except for the child's name: Appellant "did then and there with the intent to arouse and gratify the sexual desire of the defendant, intentionally or knowingly expose the defendant's GENITALS knowing that [the victim], the child younger than 17 years of age and not the spouse of the defendant, was present."

2. Appellant raised a total of three issues on appeal: "(1) the evidence is insufficient to support his guilty plea; (2) double jeopardy barred multiple prosecutions and punishments for the same offense; and (3) he received ineffective assistance of counsel." *Harris*, at 3.

offense in violation of the Double Jeopardy Clause of the United States Constitution.

Although he notes that it "fell short of completely disposing of Appellant's particular double jeopardy issue," Appellant asserts that our ruling in *Ex parte Amador*, 326 S.W.3d 202 (Tex.Crim.App.2010), which upheld the continuing validity of the holding in *Briceno v. State*,[3] "inadvertently pre-determined the ultimate outcome in this case." According to Appellant, to be consistent with *Briceno*, we "must hold that multiple counts for each child victim in one single act of exposure for the offense of Indecency with a Child by Exposure cannot carry multiple punishments."

Appellant asserts that the statute defining indecency with a child by exposure does not require the name of the child as a separate element of the crime, relying on *Yanes v. State*, 149 S.W.3d 708, 710–12 (Tex.App.-Austin 2004, pet. ref'd). In *Yanes*, the defendant was accused of exposing himself in the presence of several children. *Id.* at 709. His subsequent indictment for the offense of indecency with a child by exposure contained one count that did not specify who the victim was. *Id.* Although the defendant complained that the omission of a named child victim left him vulnerable to double jeopardy, the Austin Court of Appeals concluded that "only one crime results regardless of how many children are present to the exposure." *Id.* at 712. The court emphasized the act of exposure itself as the gravamen of the crime: "Indecency with a child by exposure centers on the mental state and actions of the perpetrator and not on the harm done to the victim." *Id.* at 711–12.

### B. State's Argument

The State responds that the court of appeals properly decided that there was no double jeopardy violation in this case because the plain language of Section 21.11(a)(2)(A) indicates that the child victim is the allowable unit of prosecution for the offense of indecency with a child by exposure. In making this argument, the State, like the Corpus Christi Court of Appeals, refers to *Baggett*, 860 S.W.2d 207. In that case, the defendant was accused of exposing himself to two children and two adults. *Id.* at 208. After he pled guilty to the offense of indecent exposure, the defendant was indicted on two counts of indecency with a child by exposure. *Id.* The First Court of Appeals rejected the defendant's complaint that this prosecution was barred by double jeopardy:

> The State would have been justified in indicting, prosecuting, and punishing him for four acts of indecent exposure or two acts of indecent exposure and two acts of indecency with a child. The essence of this multiple prosecution is that each offense required proof of a fact that the others did not: the identity of the victim. Because each victim in the two convictions was different, each conviction was based on a separate offense. Therefore, appellant's right to be protected against multiple prosecutions and punishments for the same offense was not violated.

*Id.* at 209.

The State also notes Presiding Judge Keller's dissenting opinion in *Amador*, 326 S.W.3d at 210 (Keller, P.J., dissenting). While the State concedes that the particular issue of this case was not before the Court in *Amador*, it argues that the dissenting opinion's units of prosecution discussion is pertinent to this case. In particular, the State relies on the statute's requirements regarding (1) the presence of "a child" and (2) the defendant's awareness regarding the presence of "the child" indicate "that a particular child victim is contemplated, in turn indicating that the

---

3. *Briceno v. State*, 580 S.W.2d 842 (Tex.Crim. App.1979).

child victim defines the unit of prosecution." *See id.* at 214–15.

## IV. ANALYSIS

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This constitutional protection is violated if a defendant suffers multiple punishments for the "same offense." *Ex parte Cavazos,* 203 S.W.3d 333, 336 (Tex.Crim.App.2006).

The Legislature has the power to establish and define crimes. *Ex parte Hawkins,* 6 S.W.3d 554, 556 (Tex.Crim. App.1999). It also defines whether offenses are the same by prescribing the allowable unit of prosecution, which is "a distinguishable discrete act that is a separate violation of the statute." *Cavazos,* 203 S.W.3d at 336; *Hawkins,* 6 S.W.3d at 556–57. The United States Supreme Court has described this broad legislative power:

> It is Congress, and not the prosecution, which establishes and defines offenses. Few, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses. But once Congress has defined a statutory offense by its prescription of the "allowable unit of prosecution," that prescription determines the scope of protection afforded by a prior conviction or acquittal. Whether a particular course of conduct involves one or more distinct "offenses" under the statute depends on this congressional choice.

*Sanabria v. United States,* 437 U.S. 54, 69–70, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (citations omitted).

In determining whether a particular course of conduct involves one or more distinct offenses under a single statute, we must ascertain the "allowable unit of prosecution" under the statute.[4] *Bigon v. State,* 252 S.W.3d 360, 371–72 (Tex. Crim.App.2008); *Saenz v. State,* 166 S.W.3d 270, 272 (Tex.Crim.App.2005). "Although this inquiry resolves the double jeopardy analysis, it is purely one of statutory construction." *Jones v. State,* 323 S.W.3d 885, 888 (Tex.Crim.App.2010); *accord. Hawkins,* 6 S.W.3d at 556.

Statutory construction is ·a question of law, and we review the record de novo. *Ramos v. State,* 303 S.W.3d 302, 306 (Tex.Crim.App.2009). In construing a statute, we must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim. App.1991). We look first to the statute's literal text, and "we read words and phrases in context and construe them according to the rules of grammar and usage." *Lopez v. State,* 253 S.W.3d 680, 685 (Tex. Crim.App.2008). We must "presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *State v. Hardy,* 963 S.W.2d 516, 520 (Tex.Crim.App.1997). Only if the statutory language is ambiguous, or leads to absurd results that the Legislature could not have possibly intended, may we consult extra-textual sources. *Boykin,* 818 S.W.2d at 785.

In the instant case, Appellant was found guilty of three offenses under the same statute (indecency with a child by exposure), so we must determine the allowable unit of prosecution for that statute in order to decide how many offenses Ap-

---

4. In cases involving multiple violations of the same statute, the "same elements" test for the purposes of a double jeopardy analysis does not apply. *Ex parte Goodman,* 152 S.W.3d

67, 70 n. 5 (Tex.Crim.App.2004); *Ex parte Rathmell,* 717 S.W.2d 33, 35 (Tex.Crim.App. 1986).

pellant committed. *See Jones,* 323 S.W.3d at 888. Texas Penal Code Section 21.11 provides, in pertinent part,

> A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person . . . with intent to arouse or gratify the sexual desire of any person . . . exposes the person's anus or any part of the person's genitals, knowing the child is present.

TEX. PENAL CODE § 21.11(a)(2)(A).

We first look to see if the legislative intent can be derived from the plain text. Absent an explicit statement that "the allowable unit of prosecution shall be such-and-such," the best indicator of legislative intent regarding the unit of prosecution is the gravamen or focus of the offense. *Jones,* 323 S.W.3d at 889; *Huffman v. State,* 267 S.W.3d 902, 907 (Tex.Crim.App.2008).

One aid in identifying the gravamen of the offense is grammar. *Jones,* 323 S.W.3d at 890–91; *Huffman,* 267 S.W.3d at 906–07. An analysis of the elements of indecency with a child by exposure under Section 21.11(a)(2)(A) reveals that the subject is "a person" (or the defendant), the verb is "exposes," and the direct object is "the person's anus or any part of the person's genitals." The remaining elements are prepositional and adverbial phrases that define the circumstances in which the act of exposure amounts to an offense; that is, the Legislature placed limitations on the conduct by criminalizing exposure only in specific circumstances. Hence, this grammatical analysis suggests that the act of exposure is the focus of the offense and, thus, the unit of prosecution is each exposure.

Another aspect of grammar indicating the gravamen of the offense "is that a legislative reference to an item in the singular suggests that each instance of that item is a separate unit of prosecution." *Jones,* 323 S.W.3d at 891. Generally, such singularity refers to or modifies the direct object of the sentence. *See id.; see also Vineyard v. State,* 958 S.W.2d 834, 837 (Tex.Crim.App.1998); *Ex parte Rathmell,* 717 S.W.2d 33, 35 (Tex.Crim.App.1986). For example, in *Jones,* we analyzed the statute proscribing the offense of "false statement to obtain property or credit." *See* TEX. PENAL CODE § 32.32. In concluding that each "materially false or misleading written statement" made constituted a separate unit of prosecution, one of the factors upon which we relied was the statute's use of the singular. *Jones,* 323 S.W.3d at 891–92. We identified the main structure of the sentence and emphasized the singularity of the direct object: "A person commits an offense if he intentionally or knowingly makes *a materially false or misleading written statement* to obtain property or credit for himself or another." TEX. PENAL CODE § 32.32 (emphasis added); *Jones,* 323 S.W.3d at 891.

In this case, we recognize the use of the singular forms of "the child" and "a child" in Section 21.11(a)(2)(A). *See Amador,* 326 S.W.3d at 214–15 (Keller, P.J., dissenting). However, that singularity does not relate to the direct object of the statute (the person's anus or any part of the person's genitals), so it does not control our unit of prosecution analysis.

Yet another aid in determining the gravamen of an offense is to identify "the offense element that requires a completed act." *Jones,* 323 S.W.3d at 890; *see also Cavazos,* 203 S.W.3d at 337; *Hawkins,* 6 S.W.3d at 559–60; *Rathmell,* 717 S.W.2d at 35. To illustrate, in *Cheney v. State,* 755 S.W.2d 123 (Tex.Crim.App. 1988), we held that the gravamen of the offense of "false statement to obtain property or credit" of Section 32.32 is the act of "making" a materially false statement, rather than the acquisition of property or credit. In so holding, one factor we em-

phasized was that the "actual acquisition of property or credit is not a required element of the offense."[5] *Id.* at 129. Consequently, "[t]he offense is complete once the written, deceptive statement relevant to obtaining property or credit is made." *Id.*

Here, the offense of indecency with a child by exposure is complete once the defendant unlawfully exposes himself in the required circumstances. In *Ex parte Amador*,[6] we established that indecency with a child by exposure does not depend upon the child suffering any harm from seeing the defendant's genitals. *Amador*, 326 S.W.3d at 207, 208. "[I]t is the society that is 'offended or alarmed' by the fact that its children should be subjected to such exposure." *Id.* at 208. The child need only be "present" for the offense to be effectuated; the child does not even have to be aware of the exposure. As Judge Cochran stated in her concurring opinion, "The offense is based on the defendant's actions and mental state, not the other person's comprehension." *See id.* at 209 (Cochran, J., concurring) (citing *Uribe v. State*, 7 S.W.3d 294, 297 (Tex.App.-Austin 1999, pet. ref'd) (upholding a conviction for indecency with a child by exposure even though the child did not see the defendant's genitals)). Accordingly, the forbidden conduct of Section 21.11(a)(2)(A) is the exposure of the defendant's anus or genitals under the proscribed circumstances. As such, this factor suggests that the act of exposure is the unit of prosecution.

After considering all of these factors, we believe that the clear language of Section 21.11(a)(2)(A) indicates that the exposure, not the number of children present, constitutes the unit of prosecution.[7]

Our holding is consistent with *Wallace v. State*, 550 S.W.2d 89 (Tex.Crim.App.1977). In *Wallace*, we held that "to whom the exposure is directed is not an essential element of the offense of indecent exposure." *Id.* at 91; *see* TEX. PENAL CODE § 21.08(a).[8] Consequently, we held that the failure to plead the specific person to whom an accused exposed himself did not render an indictment or information fundamentally defective. *Id.* As the dissent itself acknowledges, *Wallace* "leads to the inescapable conclusion that the offense of indecent exposure has no complaining witness or victim that would define a unit of prosecution for the offense." *See Amador*, 326 S.W.3d at 213 (Keller, P.J., dissenting). Therefore, the act of exposure must be the gravamen of the indecent exposure.

The dissent argues that the unit of prosecution should be each child victim because a culpable mental state (knowing) is required to attach to a particular circumstance (a child's presence). *See Huffman*, 267 S.W.3d at 908; *see also McQueen v. State*, 781 S.W.2d 600, 603 (Tex.Crim.App. 1989). However, if the dissent's argument was correct, then indecent exposure would

---

5. We subsequently relied on this reasoning in *Jones*, 323 S.W.3d 885, discussed supra.

6. In *Amador*, we held that indecent exposure, as set out in Section 21.08(a) of the Texas Penal Code, is a lesser-included offense of indecency with a child by exposure under Section 21.11(a)(2)(A) when these two offenses arise out of the same act. *Amador*, 326 S.W.3d at 204, 208. *Amador* expressly left open, and noted that it was not deciding, the specific question presented in this case of whether "two counts of indecency with a child by exposure can be based upon a single

exposure if there are two child victims." *Id.* at 207.

7. If the Legislature intended otherwise, we encourage it to reconsider the language of the statute.

8. Section 21.08(a) of the Penal Code provides, "A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act."

also be defined by the victim since a mental state (reckless) attaches to a circumstance (whether another who will be offended or alarmed by his act is present). Such a result would be contrary to *Wallace.* Indecent exposure and indecency with a child by exposure are both "circumstances of conduct" offenses, in which a mental state is required to a specific circumstance. As we have previously recognized,

> [their] elements are identical except that indecency with a child requires the defendant to *know* that a *child* is present, where indecent exposure requires that the defendant is *reckless* as to the presence of another *person* .... Thus, indecency with a child requires, in addition to proving all the elements of indecent exposure, a showing of the higher culpable mental state and that the person is a child.

*Briceno v. State,* 580 S.W.2d 842, 844 (Tex. Crim.App.1979) (citations omitted). Accordingly, because *Wallace* leads to the conclusion that the act of exposure is the gravamen of indecent exposure, the gravamen of indecency with a child by exposure should also be the act of exposure.

 In conclusion, the gravamen of the offense of indecency with a child by exposure is the act of exposure. The allowable unit of prosecution for the offense is the act of exposure, and consequently, the child-victim's name is not a necessary element of proof.[9] Appellant committed only one offense under Section 21.11(a)(2)(A)

when he exposed himself to three children at the same time.

## VI. CONCLUSION

Appellant's right against double jeopardy was violated when he was convicted on three counts of indecency with a child by exposure that resulted from a single act of exposure. The judgment of the court of appeals is reversed, and the case is remanded to the trial court to reform the judgment and sentence in accordance with this opinion.

KELLER, P.J., filed a dissenting opinion.

KELLER, P.J., filed a dissenting opinion.

In *Amador,* the Court determined that indecent exposure is a lesser-included offense of indecency with a child by exposure, and I have no dispute with that holding.[1] The present case involves a question that the *Amador* court explicitly declined to address: What is the unit of prosecution for the offense of indecency with a child by exposure?[2] Although the unit of prosecution for indecent exposure is each exposure, without regard to how many people are present, there are substantive differences between indecent exposure and indecency with a child by exposure that I believe compel a different conclusion about the unit of prosecution for the latter offense. I would hold that each victim of indecency with a child is a separate unit of prosecution. Thus, if a

---

**9.** "Although it is better practice to plead, where applicable, an accused exposed himself to a specified person or persons, failure to allege this would not render an indictment or information fundamentally defective." *Wallace,* 550 S.W.2d at 91. We recognize that this was stated in an indecent exposure case, but we believe it is equally applicable here.

**1.** *Ex parte Amador,* 326 S.W.3d 202 (Tex. Crim.App.2010).

**2.** *See id.* at 207 (whether "two counts of indecency with a child by exposure can be based upon a single exposure if there are two child victims .... is not the issue before us today. Neither party has raised this argument at any stage in this case—in the courts below or before this Court—and we granted review solely to consider the continuing validity of our holding in *Briceno* that indecent exposure is a lesser-included offense of indecency with a child by exposure").

defendant knowingly exposes himself to three children, as occurred here, he is guilty of three offenses.

### A. Each Child is a Separate Unit of Prosecution

The Court correctly explains that, absent explicit legislative direction, the best indicator of legislative intent with respect to the unit of prosecution is "the focus or 'gravamen' of the offense."[3] An offense may be focused in any of three ways: on the result of conduct, on the nature of conduct, or on the circumstances surrounding the conduct.[4] Some offenses may have more than one focus. For example, capital murder contains elements that focus on the result of conduct and elements that focus on the nature of conduct.[5] As to circumstances surrounding conduct, "where otherwise innocent behavior becomes criminal because of the circumstances under which it is done, a culpable mental state is required as to those surrounding circumstances."[6] And when a culpable mental state is required to attach to a particular circumstance, we have said that it is because that circumstance is the gravamen of the offense.[7] Indecency with a child appears to be focused on both conduct and circumstances.

The statute provides:

A person commits an offense if, *with a child* younger than 17 years of age, whether the child is of the same or opposite sex, the person . . . with intent to arouse or gratify the sexual desire of any person . . . exposes the person's anus or any part of the person's genitals, knowing *the child* is present.[8]

This offense is focused, first, on the nature of conduct—exposure—and second, on the circumstances surrounding the conduct— the presence of a child.

A culpable mental state does in fact attach to the presence of a child ("knowing the child is present"), and such a culpable mental state is necessary because exposing oneself with the intent to arouse or gratify sexual desire is not by itself criminal.[9] Under *Huffman,* the fact that a culpable mental state attaches to the circumstances surrounding the conduct—the presence of a child—means that that element is a gravamen of the offense.

Moreover, the statute specifies that the defendant be aware of the presence of "*the* child," not "a child" or "any child." This seems to indicate that a particular child victim is contemplated, which in turn would indicate that the child victim defines the unit of prosecution.

In some ways this offense is similar to the failure-to-stop-and-render-aid offense at issue in *Huffman,* which also had two areas of focus (though both were circumstance-based): (1) the existence of an accident, and (2) the existence of victims.[10]

---

**3.** *Jones v. State,* 323 S.W.3d 885, 889 (Tex. Crim.App.2010)

**4.** *Huffman v. State,* 267 S.W.3d 902, 907 (Tex. Crim.App.2008).

**5.** *Id.*

**6.** *McQueen v. State,* 781 S.W.2d 600, 603 (Tex.Crim.App.1989).

**7.** *See id.* at 908.

**8.** Tex Penal Code § 21.11(a)(2)(A) (emphasis added).

**9.** The indecency-with-a-child-by-exposure defendant must be aware of a person's presence and that person must be a child, but the defendant does not have to be aware that the person is a child. *Roof v. State,* 665 S.W.2d 490, 491–92 (Tex.Crim.App.1984) (concluding that the reference "in *Briceno* that the defendant must know a child is present is dictum.").

**10.** *See Huffman,* 267 S.W.3d at 908.

Taking both areas of focus into account in *Huffman,* we determined the allowable unit of prosecution for the failure-to-stop-and-render-aid offense to be "each victim, each accident."[11] Similarly, with the presence of a child and the act of exposure being the areas of focus in an indecency-with-a-child-by exposure case, the allowable unit of prosecution should be "each child, each exposure."

This conclusion is consistent with the wording of the other provisions in the indecency-with-a-child statute. The statute sets out the following methods of committing indecency with a child, including the exposure offense already quoted above:

> A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
>
> (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
>
> (2) with intent to arouse or gratify the sexual desire of any person:
>
> (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or
>
> (B) causes the child to expose the child's anus or any part of the child's genitals.[12]

The "sexual contact" offense found in § 21.11(a)(1) obviously contemplates that a particular child is the victim of sexual contact, and the other method of committing indecency with a child by exposure, found in § 21.11(a)(2)(B), contemplates that the defendant causes a particular child to be exposed. With both statutes, there would be at least as many offenses as there are child victims. Sandwiched between these two provisions, and sharing some of the language of each, is the indecency-with-a-child-by-exposure offense at issue in the present case. It would be anomalous to find that the statute prescribes different units of prosecution for the different methods of committing indecency with a child, when the different methods are so closely woven together in the language of the statute. For all of these reasons, and for an additional reason that I discuss below, I would hold that the unit of prosecution for indecency with a child by exposure is each child, each exposure—meaning, for example, that the State can seek two convictions for a single exposure when there are two child victims.

### B. The Unit of Prosecution for Greater and Lesser–Included Offenses Can Be Different

In *Amador,*[13] the Court confirmed that indecent exposure is a lesser-included offense of indecency-with-a-child-by-exposure. The Court seems to suggest that this holding leads to the conclusion that the unit of prosecution for the two offenses must be the same. I think it does not, because greater and lesser offenses can have different units of prosecution.

There is no requirement that greater and lesser-included offenses measure the unit of prosecution in the same way. The extra elements in a greater offense may well supply a unit of prosecution that was not present in a lesser-included offense. For example, indecent exposure may be included within an aggravated sexual assault,[14] but aggravated sexual assault is

11. *Id.*

12. Tex. Penal Code § 21.11(a).

13. *Ex parte Amador,* 326 S.W.3d 202 (Tex. Crim.App.2010).

14. *See Patterson v. State,* 152 S.W.3d 88 (Tex. Crim.App.2004). The offenses at issue in *Pat-* *terson* were indecency-with-a-child-by-exposure and aggravated sexual assault. *See id.* at 92. An aggravated sexual assault that subsumes an indecency-with-a-child-by-exposure offense would also subsume the lesser-included offense of indecent exposure.

clearly an offense for which each victim would be a separate unit of prosecution. Theft can be a lesser-included offense of robbery,[15] but if two people are present when one item is forcibly stolen, there can be two robberies even if there was only one theft.[16] The question here, therefore, is whether there is an extra element in the greater offense of indecency with a child that supplies a unit of prosecution not present in the lesser offense of indecent exposure.

Indecent exposure is defined as follows:

A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act.[17]

In *Wallace v. State*, we held that "to whom the exposure is directed is not an essential element of the offense of indecent exposure."[18] We found that the failure to plead that the accused exposed himself to a specified person did not render a charging instrument fundamentally defective.[19] That holding, made at a time when the failure to name a complaining witness was considered a fundamental defect,[20] leads to the inescapable conclusion that the offense of indecent exposure has no complaining witness or victim that would define a unit of prosecution for the offense.

The holding in *Wallace* is, furthermore, consistent with the language of the indecent-exposure statute. "Whether another is present" is a circumstance surrounding the conduct of exposure. The indecent-exposure statute requires a finding that the defendant was reckless with respect to this circumstance. Under the Penal Code, a person is reckless with respect to circumstances surrounding his conduct "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist."[21] The definition of "reckless" does not itself say that the circumstances actually exist. And the wording of the indecent-exposure statute—that a defendant be "reckless about *whether* another is present"—indicates that another person does not have to actually be present. So, if a defendant walked onto a public street and exposed himself, consciously disregarding a substantial and unjustifiable risk that another was present, but fortuitously, no other person happened to be present, the defendant would nevertheless be guilty of the crime of indecent exposure.

---

15. *Jacob v. State*, 892 S.W.2d 905, 909 (Tex. Crim.App.1995); Tex. Penal Code §§ 29.02(a) (robbery occurs as a result of certain acts committed "in the course of committing theft"), 29.01(1) ("In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft"). *See also Sweed v. State*, 351 S.W.3d 63, 68 (Tex.Crim.App.2011) (assuming without deciding that theft was a lesser-included offense of aggravated robbery in that case).

16. *Ex parte Hawkins*, 6 S.W.3d 554, 560–61 (Tex.Crim.App.1999).

17. Tex. Penal Code § 21.08(a).

18. *Wallace v. State*, 550 S.W.2d 89, 91 (Tex. Crim.App.1977).

19. *Id.*

20. *See Ex parte Lewis*, 544 S.W.2d 430, 431 (Tex.Crim.App.1976); *see also Fisher v. State*, 887 S.W.2d 49, 55 n. 8 (Tex.Crim.App.1994) (citing *Lewis* for the proposition that the absence of the victim's name rendered a charging instrument fundamentally defective prior to the 1985 constitutional amendment).

21. Tex. Penal Code § 6.03(c) (definition of "recklessly").

The Court contends that the offense of indecency with a child by exposure should be interpreted in conformity with *Wallace*'s interpretation of the offense of indecent exposure, and that an indictment for indecency with a child by exposure would not even have to name the child victim. But there are significant differences in the wording of the two offenses. The existence of an actual victim is not an element of indecent exposure, but it most certainly is an element of indecency with a child by exposure. If a defendant believed that a child was present while he exposed himself but was mistaken (no child in fact being present), he would *not* be guilty of indecency with a child by exposure. And this is the critical distinction between the offenses: indecent exposure can occur even if no person is present, but indecency with a child cannot occur unless a child is actually present.[22] The failure to prove the actual presence of a child would result in an acquittal of indecency with a child because of the failure to prove an element of the offense. Because the existence of an actual child victim is an element of the offense, an indictment for indecency with a child by exposure must allege the name of the child victim, just as the name of a victim must be alleged in an indictment for any other offense that requires a victim, such as murder, robbery, or assault.[23] The Court's holdings in *Wallace* and in *Amador* do not compel a contrary conclusion.

With these comments, I respectfully dissent.

22. The Court agrees that the child needs to be present for the offense to be effectuated.

23. The Court is correct that the name of the victim is not an element of the offense of indecency with a child by exposure, but that does not mean that it need not be alleged. The name of a victim is not an element of any offense.

The Court contends that "if the dissent's argument was correct, then indecent exposure would also be defined by the victim since a mental state (reckless) attaches to a circumstance (the presence of another who will be offended or alarmed by his act)." Court's op. at 631–32. But the required mental state does not attach to the presence of another, it attaches to the "whether" another is present. That is, it attaches to the possibility that another is present, not to the actual presence of another.