

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00381-CR

MICHAEL RAY ORR                                                          APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury found Michael Ray Orr guilty of indecency with a child by exposure and assessed his punishment at nine years' confinement and a $2,000 fine. The trial court sentenced him accordingly. In two points, Orr argues that the evidence is insufficient to support his conviction. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

---
[1]See Tex. R. App. P. 47.4.

Joan took her seven-year-old son Ken to the Haltom thrift store to shop for summer clothes one afternoon.[2] Joan walked through a clothing aisle while Ken was running in and out of that aisle. Joan noticed a man, later identified as Orr, standing with his body inside the rack of clothing. Orr was not looking at the clothing. His behavior seemed suspicious to Joan and made her feel uneasy so she called Ken to her side. Joan and Ken moved to the next aisle, and Orr followed them. Orr then backed into the clothing with his hands under his shirt and inside the fly of his pants. Joan saw Orr, who was less than five feet away from her and her son, stroking his penis with his hand; his penis was outside of his clothing. Joan yelled at Orr, and he pulled his shirt down to cover his penis.

After Orr followed Joan and Ken to the children's clothing section at the back of the store, Joan went to the front of the store and informed the employees of the situation. Orr was escorted out of the store and detained in front of the store by the officers who responded to the scene. Officers took a statement from Joan and had her confirm that Orr was the person she had seen masturbating inside the store. In her written statement, Joan said that Orr's penis was not erect. After officers spoke with Joan and the store manager, Orr was arrested and placed in the back of a squad car. Orr asked the arresting officer what he was being arrested for and what was going on. When the officer explained the

[2]To protect the child victim's anonymity, we will use aliases to refer to some of the individuals named herein. *See Daggett v. State*, 187 S.W.3d 444, 446 n.3 (Tex. Crim. App. 2005); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

complaint to Orr, he responded that he was only "scratching himself," referring to his genitals.

### III. STANDARD OF REVIEW AND LAW ON INDECENCY WITH A CHILD

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must

3

presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

In determining the sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

A defendant commits indecency with a child by exposure if, with the intent to arouse or gratify the sexual desire of any person, he exposes his genitals, knowing a child younger than seventeen years of age is present. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A) (West 2011). The requisite intent to arouse or gratify the sexual desire of a person can be inferred from the defendant's conduct, remarks, or all the surrounding circumstances. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981); *Connell v. State*, 233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007, no pet.). There is no requirement for an oral expression of intent, and the conduct itself is sufficient to infer intent. *Connell*, 233 S.W.3d at 470–71. There is also no requirement that a male offender's penis be erect. *Id*. at 471; *Gregory v. State*, 56 S.W.3d 164, 171 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd), *cert. denied*, 538 U.S. 978 (2003). A child only has to be present for the offense to be effectuated and does not have to be aware of the exposure. *See Harris v. State*, 359 S.W.3d 625, 631

4

(Tex. Crim. App. 2011).

## IV. SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION FOR INDECENCY

Here, Orr complains that the evidence is insufficient to support his conviction because the State did not prove that he committed the act with the intent to arouse or gratify his sexual desire and with the knowledge that a child under the age of seventeen was present. Specifically, Orr argues that evidence presented at trial established that his penis was not erect—thus demonstrating that he was not in a sexually-aroused state—and that there is no evidence in the record that he knew Ken was nearby.

Joan's testimony that Orr followed her and Ken around the store, backed into a clothing rack but did not appear to be looking at the clothing, exposed himself, and stroked his exposed penis with his hand in a back and forth motion is sufficient evidence for a rational trier of fact to infer that Orr intended to arouse or gratify his sexual desire. *See* Tex. Penal Code Ann. § 21.11(a)(2); *McKenzie*, 617 S.W.2d at 216; *Connell*, 233 S.W.3d at 467; *see also Gregory*, 56 S.W.3d at 171; *Brown v. State*, 871 S.W.2d 852, 856 (Tex. App.—Corpus Christi 1994, pet. ref'd). Evidence that Orr's penis was erect is not required to prove his intent to arouse or gratify his sexual desire. *See Connell*, 233 S.W.3d at 471; *Gregory*, 56 S.W.3d at 171.

Additionally, regarding the sufficiency of the evidence that he knew Ken was present, the record shows that Ken was running around the clothing aisles and making noise before Joan saw Orr acting suspicious. Joan called Ken over

5

to her side in response to Orr's suspicious behavior and then took Ken onto another aisle to get away from Orr, but Orr followed them and then exposed himself. After Orr exposed himself, Joan again attempted to get Ken away from the situation by taking him to the back of the store, but Orr followed them again so Joan got help. The jury was presented with sufficient evidence that Orr knew Ken was present when he exposed himself. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A); *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

Viewing the evidence in the light most favorable to the verdict, we hold that the evidence supports the jury's determination that Orr exposed himself with the intent to arouse or gratify his sexual desire and with the knowledge that a child was present. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Isassi*, 330 S.W.3d at 638; *see also* Tex. Penal Code Ann. § 21.11(a)(2)(A). We overrule Orr's two points.

## V. CONCLUSION

Having overruled both of Orr's points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 4, 2012