**Opinion filed December 4, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-13-00128-CR

_____

## JON PAUL STEPHERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 219th District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-81069-2012**

## MEMORANDUM OPINION

The trial court, after a bench trial, convicted Jon Paul Stepherson of Class A misdemeanor assault with an affirmative finding of family violence.[1] The trial court assessed punishment at confinement for one year and a fine of $700, but the court suspended the imposition of the sentence and placed Appellant on

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2014) (assault); TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006) (finding of family violence).

community supervision for two years. Appellant does not appeal his conviction of misdemeanor assault, but he does claim that the evidence was insufficient to support the trial court's affirmative finding of family violence. In his sole issue on appeal, Appellant presents two separate grounds: (1) the familial relationship between Appellant and the victim was too remote and (2) they were not members of the same household. We modify and affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for the third-degree felony of assault of a family or household member by impeding breathing or circulation. PENAL § 22.01(b)(2)(B).[2] Assault is a lesser included offense of felony assault, and the punishment range for a Class A misdemeanor is confinement in jail for a term not to exceed one year or a fine not to exceed $4,000, or both. *Id.* § 12.21.

## II. *Evidence at Trial*

L.S. testified that she was married to Appellant. She said that the victim, her "biological second cousin," is a part of her family and Appellant's family. Y.S. testified that she is the mother of L.S. and the mother-in-law of Appellant. Y.S. testified that the victim is the daughter of her niece and that Y.S. has guardianship of the victim. Y.S. subsequently said that the victim is a member of Appellant's family. The victim testified that Y.S. is her foster mom, but would have been her aunt, and that Y.S. has raised the victim from the time that the victim was six months old. The victim also said that she is a member of Appellant's family. L.S. and Appellant's son referred to the victim as his "aunt."

## III. *Standard of Review*

We apply the sufficiency standard outlined in *Jackson* and its progeny to Appellant's sufficiency issue. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Hooper v. State*,

---

[2]Appellant pleaded not guilty and waived his right to a jury trial.

2

214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We review all of the evidence in the light most favorable to the jury's verdict and determine if any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. We defer to "the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

"Statutory construction is a question of law, and we review the record de novo." *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011). We construe a statute to match the "purpose of the legislators who enacted" it. *Id.* (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). We apply the plain text of the statute first and only consult extratextual sources if the plain text is ambiguous or would lead to an absurd result. *Id.* (citing *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008), and *Boykin*, 818 S.W.2d at 785).

IV. *Analysis*

Appellant contends that the evidence is insufficient to support his conviction of assault with a "family violence" finding because the statute's definition of "family" is too broad. He concedes that his wife and the victim are related but argues that their relation is too remote to fit the definition of family because they are separated by six degrees of consanguinity.[3]

The legislature defines "family violence" as "an act by a member of a *family* or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault." TEX. FAM. CODE ANN. § 71.004 (West 2014) (emphasis added). "Family" is defined as "individuals related by *consanguinity* or *affinity*." *Id.* § 71.003 (emphasis added). Relation by consanguinity means that one individual is a descendant of the other or that they

---

[3]Appellant states that the victim and L.S. are separated by six degrees of consanguinity, but we note that Y.S.'s description of how the victim is related to L.S. would separate them by only five degrees. The number of degrees between them is irrelevant to our analysis.

3

share a common ancestor. TEX. GOV'T CODE ANN. § 573.022(a) (West 2012). Relation by affinity means that the two individuals are married to each other or that "the spouse of one of the individuals is related by consanguinity to the other individual." *Id.* § 573.024(a).

We note that the legislature may place limiting language in one statute but not another. *See, e.g.*, FAM. § 102.004 ("Standing for Grandparent or Other Person"—limits standing to a person related within the third degree by consanguinity to the child); *id.* § 71.004 ("Family Violence"—contains no limits on the degrees of consanguinity); PENAL § 42.07 ("Harassment"—same). Thus, we read and analyze statutes in context and construe them according to the rules of grammar, common usage, and any "technical or particular meaning, whether by legislative definition or otherwise." GOV'T § 311.011 (West 2013).

The meaning of family by consanguinity or affinity, as defined by the legislature, is not ambiguous, nor does its application in this case impose an absurd result. *See Boykin*, 818 S.W.2d at 785 (explaining that courts only deviate from the plain language if following it would lead to "absurd consequences that the Legislature could not *possibly* have intended"). Therefore, we apply that statutory definition of family and decline to read or infer limiting language that the legislature did not provide. Because the victim and L.S. were biologically related and because L.S. and Appellant were married at the time of the assault, we hold that sufficient evidence existed for a rational trier of fact to find that the victim and Appellant were "family" because they were related by consanguinity and affinity. As a result, the trial court did not err when it made an affirmative finding of family violence. In light of our ruling, we need not address whether the victim was a member of Appellant's household. We overrule Appellant's sole issue.

4

## V. *Modification of Judgment*

The judgment in this case reflects that Appellant pleaded guilty to the offense. Appellant actually pleaded not guilty. Therefore, we modify the judgment to correct that inaccuracy. *See* TEX. R. APP. P. 43.2(b).

## VI. *This Court's Ruling*

We modify the judgment of the trial court to reflect that Appellant entered a plea of "NOT GUILTY" to the offense. As modified, we affirm.

MIKE WILLSON

JUSTICE

December 4, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5