PD-1628-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/4/2015 4:16:01 PM
Accepted 2/6/2015 2:43:38 PM
ABEL ACOSTA
CLERK

# No. PD-1628-14

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**JON PAUL STEPHERSON**
*Appellant*

v.

**STATE OF TEXAS**
*Appellee*

Court of Appeals of Texas, Eleventh District
Case No. 11-13-00128-CR

219th Judicial District Court of Collin County, Texas
Cause No. 219-81069-2012

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

February 6, 2015

ABEL ACOSTA, CLERK

MATTHEW J. KITA
Texas Bar No. 24050883

P.O. Box 5119
Dallas, Texas 75208
(214) 699-1863 (phone)
(214) 347-7221 (facsimile)
matt@mattkita.com

COUNSEL FOR APPELLANT

Oral Argument Requested

## Identity of Judge, Parties, and Counsel

| | |
|---|---|
| **Appellant:** | **Jon Paul Stepherson** |

Appellate Counsel:
Matthew J. Kita
P.O. Box 5119
Dallas, Texas 75208

Trial Counsel:
Ronald W. Danforth
1600 Redbud Boulevard, Suite 306
McKinney, Texas 75069

**Appellee:**          **State of Texas**

Appellate Counsel:
John Rolater
Collin County District Attorney's Office
2100 Bloomdale Road, Suite 100
McKinney, Texas 75071

Trial Counsel:
Matthew Rolston
Collin County District Attorney's Office
2100 Bloomdale Road, Suite 100
McKinney, Texas 75071

**Trial Judge:**        **Hon. Scott J. Becker**
219th Judicial District Court
Collin County, Texas

# TABLE OF CONTENTS

Identity of Judge, Parties, and Counsel ...................................................................i

Index of Authorities .....................................................................................iii

Statement Regarding Oral Argument.....................................................................iv

Statement of the Case .....................................................................................v

Statement of Procedural History.........................................................................vi

Grounds for Review .....................................................................................vii

Argument .................................................................................................1

I.      The court of appeals applied an overly-broad definition of "family violence" because its application is not limited to a reasonable degree of consanguinity .......................................................................................1

        A.      Texas courts routinely limit "family" to three-degrees of consanguinity.....................................................................................2

Conclusion and Prayer .................................................................................4

Certificate of Compliance .................................................................................5

# Index of Authorities

## Cases

*Holy Trinity Church v. United States*,
143 U.S. 457 (1892) ...................................................................................................4

*Melzer v. Board of Public Instruction*,
548 F.2d. 559 (5th Cir. 1977) ...................................................................................1


## Statutes

Tex. Code Crim. Proc. art 30.01 ...........................................................................2

Tex. Family Code § 102.004 ..................................................................................2

Tex. Family Code § 102.033 ..................................................................................2

Tex. Family Code § 262.1096 ................................................................................2

Tex. Gov't Code § 573.022 ....................................................................................1

Tex. Health & Safety Code  713.025 .....................................................................3

Tex. Health & Safety Code § 713.010 ...................................................................3


## Other Authorities

Charles Darwin, The Origin of Species (John Murray 1859) .................................1

*Genesis* 2:18–24; 3:20; 9:18–19..............................................................................1

## Statement Regarding Oral Argument

This appeal requires this Court to address the outer boundaries of the statutory definition of "family" for purposes of determining whether the trial court erred when it included a finding of family violence in its judgment against Appellant Jon Paul Stepherson. Because this argument has not been previously addressed by this Court or Texas's intermediate courts of appeals, and because it necessarily involves an important policy determination that is important to the jurisprudence of this State, Appellant respectfully submits that oral argument may assist this Court in rendering its decision.

## Statement of the Case

**Nature of the Case:**   Appellant Jon Paul Stepherson was indicted for assault on a family or household member by impeding breathing or circulation, a third-degree felony.[1] Appellant waived his right to a jury trial and tried his case to the court.[2]

**Trial Court's Disposition:**   Found defendant guilty of misdemeanor assault, a lesser-included offense.[3] The trial court sentenced Appellant to one year in jail and fined him $700. The jail sentence, however, was suspended for two years, pending Appellant's satisfactory completion of the terms of a two-year community supervision.[4] The judgment also included a finding of family violence.[5]

**Court of Appeals' Disposition:**   Affirmed the trial court's finding of family violence; modified the trial court's judgment to reflect a not-guilty plea.

---

[1] C.R. 9.

[2] C.R. 21.

[3] 4 R.R. 4:9–11. The judgment incorrectly reflects that Stepherson pleaded guilty. C.R. 24. He affirmatively pleaded not guilty on the record at the outset of trial. 3 R.R. 5:7–14.

[4] C.R. 24.

[5] C.R. 24.

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals issued its opinion and judgment on December 4, 2014. Appellant did not file a motion for rehearing. This Court granted Appellant a thirty-day extension to file this petition for discretionary review. It is due today, February 4, 2015.

# Grounds for Review

1. Under Texas law, a trial court can issue a finding of family violence if it determines that the defendant and the victim "shared a common ancestor." Here, the victim was Appellant's wife's second cousin. Given that *all* people share common ancestors, and that no Texas court would recognize Appellant and the victim as "related" in any other context, is the relationship between Appellant and the victim too remote to support a finding of "family" violence?

## ARGUMENT

**I.      The court of appeals applied an overly-broad definition of "family violence" because its application is not limited to a reasonable degree of consanguinity**

Under currently-existing Texas law, two people are deemed to be related by consanguinity if "they share a common ancestor."[6] But of course, there is reputable authority to suggest that this definition could deem any two people on this planet to be related by consanguinity.[7] Accordingly, when this definition is applied in various areas of Texas law, the statute or rule usually imposes a limit on the number of degrees of consanguinity before two people are no longer deemed to be *legally* related.

The Code of Criminal Procedure, however, imposes no such limitation in the context of family-violence findings. Because the distance between Appellant and the victim in this case far exceeds any other recognized definition of "related" under Texas law, this Court should grant this petition so that it may impose a reasonable common-law limitation on the scope of "family" that comports with constitutional due-process requirements.

---

[6] Tex. Gov't Code § 573.022(a).

[7] *See, e.g., Genesis* 2:18–24; 3:20; 9:18–19, *cf.* Charles Darwin, The Origin of Species, ch. 12 (John Murray 1859); *see also Melzer v. Board of Public Instruction*, 548 F.2d. 559, 577 (5th Cir. 1977).

**A.    Texas courts routinely limit "family" to three-degrees of consanguinity.**

In all other codifications of Texas law, courts do not recognize two people as being legally related to each other if there are more than three degrees of consanguinity between them. Under the Texas Family Code, for example, this limitation applies to a party's ability to maintain standing to request to be a managing conservatorship in a guardianship proceeding,[8] to file suit on a minor child's behalf,[9] and to receive information from the Department of Family and Protective Services when it takes a child into its possession.[10] The three-degree distance is also used in the Code of Criminal Procedure and the Rules of Civil Procedure when determining whether judges must recuse themselves from a presiding over a proceeding for being too closely related to the parties.[11] Notably, the largest degree-separation that is recognized in Texas law is five, and applies only to the issue of who has the right "to maintain a grave or burial lot in a cemetery."[12] But with regard to issues related to court proceedings, three degrees is the universally-applied standard in Texas law.

---

[8] Tex. Family Code § 102.004(a).

[9] Tex. Family Code § 102.033(a)(13).

[10] Tex. Family Code § 262.1096(a)(1)(A).

[11] Tex. Code Crim. Proc. art 30.01; Tex. R. Civ. P. 18b.

[12] Tex. Health & Safety Code § 713.010 & .025(2).

Here, however, the court of appeals' opinion affirmed a finding of "family violence" when the victim was separated from Appellant's *wife* by at *six* degrees of consanguinity.[13] In its analysis, it concluded that the absence of a limitation on the number of degrees does not produce an absurd result, and tacitly suggested that the Legislature must have intended for a broad interpretation.[14] But a family-violence finding cannot be both a *special* classification for enhancement, and at the same time, universally applicable to *all* acts of violence. As the Supreme Court of the United States held more than 120 years ago in *Holy Trinity Church v. United States*, courts must avoid a broad interpretation of a statute if its application would extend beyond any legislator's reasonable intent:

> It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers. This has been often asserted, and the Reports are full of cases illustrating its application. This is not the substitution of the will of the judge for that of the legislator; for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act.[15]

---

[13] 3 R.R. 132:23 (Appellant's wife testified that the victim was her second cousin); *but see* Slip Op., p. 3, n. 3 (noting that some testimony could suggest that the distance was only five degrees).

[14] Slip Op., p. 4

[15] 143 U.S. 457, 459 (1892).

Because no other Texas law considers two individuals separated by six degrees of consanguinity to be "related" for *any* purpose, Appellant respectfully submits that it is unreasonable to believe that Legislature intended for the incident in question to warrant a family-violence finding.[16] This Court, therefore, should grant this petition for discretionary review to fill the gap that the Legislature accidentally left in the Code of Criminal Procedure.

## Conclusion and Prayer

Because the ancestral distance between Appellant and the victim in this case is too remote to support a finding that they are members of the same family, and because the court of appeals' interpretation of the statute is fundamentally at odds with the policy goals it purportedly seeks to advance, Appellant respectfully requests this Court to grant this petition for discretionary review. After receiving briefing on the merits and hearing oral argument from the parties, Appellant further requests this Court to issue an opinion that reverses the court of appeals' judgment on the family-violence issue, modifies the trial court's judgment to eliminate this finding, and grants him all other relief to which he is justly entitled.

---

[16] Other states have discovered this problem as well. *See* Practice Commentaries to N.Y. Fam. Ct. Act § 812 (McKinney) ("Taken literally, we are all related by consanguinity, for we have common ancestors (Adam and Eve?). That could not have been the legislative intent, but the removal of the limitation to relationships to the third degree has resulted in a quagmire….").

Respectfully submitted,

s/ Matthew J. Kita
Matthew J. Kita
Texas Bar No. 24050883

P.O. Box 5119
Dallas, Texas 75208
(214) 699-1863 (phone)
(214) 347-7221 (facsimile)
matt@mattkita.com

Counsel for Appellant

## Certificate of Compliance

This petition complies with Texas Rule of Appellate Procedure 9.4(i) because it contains 977 words (excluding the parts of the brief exempted by this rule).

Signed this 4th day of February, 2015.

s/ Matthew J. Kita
Matthew J. Kita

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this brief was served on the following counsel via ProDoc in accordance with Texas Rule of Appellate Procedure 9.5 and this Court's Local Rules on February 4, 2015.

*Counsel for Appellee:*

John Rolater
Collin County District Attorney's Office
2100 Bloomdale Road, Suite 100
McKinney, Texas 75071

s/ Matthew J. Kita
MATTHEW J. KITA



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00128-CR

_____

**JON PAUL STEPHERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-81069-2012**

## M E M O R A N D U M   O P I N I O N

The trial court, after a bench trial, convicted Jon Paul Stepherson of Class A misdemeanor assault with an affirmative finding of family violence.[1] The trial court assessed punishment at confinement for one year and a fine of $700, but the court suspended the imposition of the sentence and placed Appellant on

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2014) (assault); TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006) (finding of family violence).

community supervision for two years. Appellant does not appeal his conviction of misdemeanor assault, but he does claim that the evidence was insufficient to support the trial court's affirmative finding of family violence. In his sole issue on appeal, Appellant presents two separate grounds: (1) the familial relationship between Appellant and the victim was too remote and (2) they were not members of the same household. We modify and affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for the third-degree felony of assault of a family or household member by impeding breathing or circulation. PENAL § 22.01(b)(2)(B).[2] Assault is a lesser included offense of felony assault, and the punishment range for a Class A misdemeanor is confinement in jail for a term not to exceed one year or a fine not to exceed $4,000, or both. *Id.* § 12.21.

## II. *Evidence at Trial*

L.S. testified that she was married to Appellant. She said that the victim, her "biological second cousin," is a part of her family and Appellant's family. Y.S. testified that she is the mother of L.S. and the mother-in-law of Appellant. Y.S. testified that the victim is the daughter of her niece and that Y.S. has guardianship of the victim. Y.S. subsequently said that the victim is a member of Appellant's family. The victim testified that Y.S. is her foster mom, but would have been her aunt, and that Y.S. has raised the victim from the time that the victim was six months old. The victim also said that she is a member of Appellant's family. L.S. and Appellant's son referred to the victim as his "aunt."

## III. *Standard of Review*

We apply the sufficiency standard outlined in *Jackson* and its progeny to Appellant's sufficiency issue. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Hooper v. State*,

_____

[2]Appellant pleaded not guilty and waived his right to a jury trial.

2

214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We review all of the evidence in the light most favorable to the jury's verdict and determine if any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. We defer to "the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

"Statutory construction is a question of law, and we review the record de novo." *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011). We construe a statute to match the "purpose of the legislators who enacted" it. *Id.* (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). We apply the plain text of the statute first and only consult extratextual sources if the plain text is ambiguous or would lead to an absurd result. *Id.* (citing *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008), and *Boykin*, 818 S.W.2d at 785).

IV. *Analysis*

Appellant contends that the evidence is insufficient to support his conviction of assault with a "family violence" finding because the statute's definition of "family" is too broad. He concedes that his wife and the victim are related but argues that their relation is too remote to fit the definition of family because they are separated by six degrees of consanguinity.[3]

The legislature defines "family violence" as "an act by a member of a *family* or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault." TEX. FAM. CODE ANN. § 71.004 (West 2014) (emphasis added). "Family" is defined as "individuals related by *consanguinity* or *affinity*." *Id.* § 71.003 (emphasis added). Relation by consanguinity means that one individual is a descendant of the other or that they

---

[3]Appellant states that the victim and L.S. are separated by six degrees of consanguinity, but we note that Y.S.'s description of how the victim is related to L.S. would separate them by only five degrees. The number of degrees between them is irrelevant to our analysis.

3

share a common ancestor. TEX. GOV'T CODE ANN. § 573.022(a) (West 2012). Relation by affinity means that the two individuals are married to each other or that "the spouse of one of the individuals is related by consanguinity to the other individual." *Id.* § 573.024(a).

We note that the legislature may place limiting language in one statute but not another. *See, e.g.*, FAM. § 102.004 ("Standing for Grandparent or Other Person"—limits standing to a person related within the third degree by consanguinity to the child); *id.* § 71.004 ("Family Violence"—contains no limits on the degrees of consanguinity); PENAL § 42.07 ("Harassment"—same). Thus, we read and analyze statutes in context and construe them according to the rules of grammar, common usage, and any "technical or particular meaning, whether by legislative definition or otherwise." GOV'T § 311.011 (West 2013).

The meaning of family by consanguinity or affinity, as defined by the legislature, is not ambiguous, nor does its application in this case impose an absurd result. *See Boykin*, 818 S.W.2d at 785 (explaining that courts only deviate from the plain language if following it would lead to "absurd consequences that the Legislature could not *possibly* have intended"). Therefore, we apply that statutory definition of family and decline to read or infer limiting language that the legislature did not provide. Because the victim and L.S. were biologically related and because L.S. and Appellant were married at the time of the assault, we hold that sufficient evidence existed for a rational trier of fact to find that the victim and Appellant were "family" because they were related by consanguinity and affinity. As a result, the trial court did not err when it made an affirmative finding of family violence. In light of our ruling, we need not address whether the victim was a member of Appellant's household. We overrule Appellant's sole issue.

4

## V. *Modification of Judgment*

The judgment in this case reflects that Appellant pleaded guilty to the offense. Appellant actually pleaded not guilty. Therefore, we modify the judgment to correct that inaccuracy. *See* TEX. R. APP. P. 43.2(b).

## VI. *This Court's Ruling*

We modify the judgment of the trial court to reflect that Appellant entered a plea of "NOT GUILTY" to the offense. As modified, we affirm.

MIKE WILLSON

JUSTICE

December 4, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5