

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**NO. WR-83,223-02**

---

**EX PARTE GORDON RAYMOND WALKER, Applicant**

---

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 618633-B IN THE 338TH DISTRICT COURT
FROM HARRIS COUNTY**

---

*Per curiam.  Alcala, J., not participating.*

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant pleaded guilty to three counts of indecency with a child by exposure[1] in exchange for ten years' community supervision.  His community supervision was later revoked and he was sentenced to two years' imprisonment for each

---

[1]It appears that Applicant's conviction for three counts of indecency with a child by exposure for what was apparently a single act of exposure while three children were present may violate the prohibition on multiple punishments for a single act, as this Court discussed in *Harris v. State*, 359 S.W.3d 625 (Tex. Crim. App. 2011).  However, Applicant does not raise a double jeopardy claim in this application and none of the parties have made such an argument.

count, to run concurrently. Applicant did not appeal his conviction. The record reflects that Applicant was advised multiple times after his plea that he would be required to register as a sex offender for a period of ten years following discharge of his sentence. According to Applicant, he complied with sex offender registration requirements for ten years following his release from prison in 2003, and was advised for the first time in 2014 that he was in fact required to comply with sex offender registration requirements for life.

Applicant contends, among other things,[2] that the Department of Public Safety is incorrectly interpreting Article 62.101(a)(3) of the Texas Code of Criminal Procedure to require him to register for life. Article 62.101(a)(3) states that a person is required to register for life if the person has a reportable conviction for an offense under Section 21.11(a)(2) of the Texas Penal Code and, "before or after the person is convicted or adjudicated for the offense under Section 21.11(a)(2), Penal Code, the person receives or has received another reportable conviction or adjudication. . . for an offense or conduct that requires registration under this chapter[.]" Applicant argues that the language "before or after the person is convicted" does not contemplate the use of convictions (or in this case, additional counts) received at the same time. We order that this application be filed and set for submission to determine whether a person who is convicted of multiple counts of indecency with a child by exposure charged in a single indictment and adjudicated at the same time is properly considered to have received multiple convictions "before or after" conviction as described in Article 62.101(a)(3). The parties shall brief these issues.

It appears that Applicant is represented by counsel. If that is not correct, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by

---

[2]This Court has reviewed Applicant's other claims and finds them to be without merit.

counsel, the trial court shall appoint an attorney to represent Applicant. Tex. Code Crim. Proc. art 26.04. The trial court shall send to this Court, within 30 days of the date of this order, a supplemental transcript containing: a confirmation that Applicant is represented by counsel; the order appointing counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court on or before Monday, December 14, 2015.

Filed: October 14, 2015
Do not publish