IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-79,416-01 & WR-79,416-02




EX PARTE PATRICK BERNARD INGRAM, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. F-0952630-M & F-0952629-M 
                        IN THE 194TH DISTRICT COURT FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency
with a child by exposure in two different cause numbers, and sentenced to thirty-five years’
imprisonment for each cause. The Fifth Court of Appeals affirmed his convictions. Ingram v. State,
Nos. 05-10-00973-CR & 05-10-00974-CR (Tex. App.–Dallas January 12, 2012).
            Applicant contends, inter alia, that his convictions violate double jeopardy and that his trial
counsel rendered ineffective assistance by failing to object to hearsay testimony, failing to challenge
a biased juror, and failing to secure Applicant’s presence when the trial court responded to a note
from the jury. 
            It appears from the appellate opinion that these offenses arose from the same exposure. If
so, Applicant may be entitled to relief. Harris v. State, 359 S.W.3d 625, 631 (Tex. Crim. App.
2011). Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). 
            In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall order trial counsel to respond to Applicant’s claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether these offenses arose from the same
exposure, and if so, whether Applicant’s double jeopardy rights were violated. The trial court shall
make findings of fact and conclusions of law as to whether the performance of Applicant’s trial
counsel was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: May 22, 2013
Do not publish