**Opinion issued November 17, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-14-00957-CR

———————————————

**RICHARD RENE RIVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 338th District Court
Harris County, Texas
Trial Court Case No. 1404642

**DISSENTING OPINION**

Because the majority errs in holding that the evidence is legally insufficient to support the jury's finding that appellant, Richard Rene Rivera, is guilty of the felony offense of racing without a license,[1] I respectfully dissent.

We review the legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the jury's verdict to determine whether any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams*, 235 S.W.3d at 750. However, our duty requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *Id.*

In conducting our review of the sufficiency of the evidence, we treat direct and circumstantial evidence equally because circumstantial evidence is as probative as direct evidence in establishing the guilt of a defendant. *Clayton v. State*, 235

---

[1] *See* TEX. REV. CIV. STAT. ANN. art. 179e, § 14.16 (Vernon Supp. 2016).

S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is "direct proof of a secondary fact which, by logical inference, demonstrates the ultimate fact to be proven." *Taylor v. State*, 684 S.W.2d 682, 684 (Tex. Crim. App. 1984). And it alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Further, the "cumulative force" of all the circumstantial evidence in a case can be sufficient to support a jury finding of guilt beyond a reasonable doubt. *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

It is important to note that the term "inference" means:

> In the law of evidence, a truth or proposition drawn from another which is supposed or admitted to be true. A process of reasoning by which a fact or proposition sought to be established is deduced as a logical consequence from other facts, or a state of facts, already proved . . . .

*Marshall Field Stores, Inc. v. Gardiner*, 859 S.W.2d 391, 400 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.) (quoting *Inference*, BLACK'S LAW DICTIONARY (5th ed. 1979)). For a jury to infer a fact, "it must be able to deduce that fact as a logical consequence from other proven facts." *Id*.

A person commits the offense of racing without a license if he:

(1)     conducts a greyhound or horse race without a racetrack license; and

(2)     knows or reasonably should know that another person is betting on the final or partial outcome of the race.

TEX. REV. CIV. STAT. ANN. art. 179e, § 14.16(a) (Vernon Supp. 2016).

Moreover, a person is criminally responsible for an offense committed by the conduct of another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2011).

In accord with the above law, the trial court, in its charge, instructed the jury that it could find appellant guilty:

> [I]f [it] f[ound] from the evidence beyond a reasonable doubt that on or about the 5th day of October, 2013, in Harris County, Texas, an unknown person or persons, did then and there unlawfully, intentionally or knowingly conduct a horse race without having a racetrack license from the Texas Racing Commission, and the unknown person or persons knew or reasonably should have known that another person was betting on the final outcome of said race, and that the defendant, Richard Rene Rivera, *with the intent to promote or assist the commission of the offense*, if any, solicited, *encouraged*, directed, *aided or attempted to aid* the unknown person or persons to commit the offense.

(Emphasis added.)

From the record evidence detailed by the majority in its opinion, the jury could have reasonably inferred that appellant, with the intent to promote or assist in the offense of racing without a license, encouraged, aided, or attempted to aid another to commit the offense. *See id.* Indeed, our sister court in a similar case involving another security guard at the same racetrack so concluded. *See Hurd v. State*, No. 14-15-00343-CR, --- S.W.3d ---, 2016 WL 4211472, at *3–5 (Tex. App.—Houston [14th Dist.] Aug. 9, 2016, no pet.). Contrary to the majority's conclusion, the State,

4

in the instant case, presented ample evidence that appellant, acting as a security guard and in violation of his oath as a peace officer, played a critical role in ensuring the success of the commission of the offense, and he was not merely "present at a horse race at which betting was occurring."

Accordingly, I would hold that the evidence is legally sufficient to support the jury's finding that appellant is guilty of the offense of racing without a license. *See* TEX. REV. CIV. STAT. ANN. art. 179e, § 14.16(a). And I would affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Bland.

Jennings, J. dissenting.

Publish. TEX. R. APP. P. 47.2(b).