

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00071-CR

CHANCE DOUGLAS BOLEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 6663, Honorable Kelly G. Moore, Presiding

October 14, 2015

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Chance Douglas Bolen, appeals his conviction for the offense of continuous sexual abuse of a young child,[1] and sentence of life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. His sole appellate issue contends that the trial court's jury charge violated his right to a unanimous verdict where the instructions referenced extraneous offenses that were not alleged in the indictment. We will affirm the trial court's judgment.

---

[1] See TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014).

Factual and Procedural Background[2]

On April 25, 2014, appellant was charged by indictment with the offense of continuous sexual abuse of a young child. The indictment alleged that appellant committed this offense by intentionally or knowingly inducing S.M. "to engage in sexual conduct to wit: masturbation."

Appellant was S.M.'s mother's boyfriend. In 2008, when S.M. was around nine or ten years old, appellant, S.M., and S.M.'s mother moved into a house together in Brownfield. While living in Brownfield, appellant began making S.M. masturbate while he watched as a condition to receive appellant's permission to do various activities. According to S.M., appellant made her masturbate on three or four occasions during this period of time. After about a year and a half in Brownfield, the group moved to East Texas. Appellant's behavior continued while in East Texas. In 2012, appellant, S.M., and S.M.'s mother moved back to Brownfield. According to S.M., in total, appellant demanded that she masturbate in front of him more than ten times while the group lived in Brownfield. In addition, S.M. testified about a number of other inappropriate sexual behaviors of appellant, including forcing S.M. to have vaginal and anal sex with him and to expose herself while he took pictures of her.

At the close of evidence, the trial court held its charge conference on guilt-innocence. Appellant objected to the jury unanimity instruction. However, appellant acknowledges in his appellate brief that this objection was "on general constitutional grounds." The trial court overruled appellant's objection. After deliberating, the jury

_____

[2] As appellant's sole issue relates to the jury charge, only those facts relevant to that issue will be addressed.

found appellant guilty of the offense of continuous sexual abuse of a young child. Upon inquiry, the foreman of the jury confirmed that the verdict was unanimous. After hearing punishment evidence, the jury returned a verdict sentencing appellant to life imprisonment. The trial court entered judgment on the verdicts of the jury. It is from this judgment that appellant appeals.

Appellant's sole issue on appeal is that the trial court's jury charge violated his right to a unanimous jury where the instructions referenced extraneous offenses that were not alleged in the indictment.

Standard of Review

When presented with a jury charge complaint, we review the charge under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (en banc). First, we determine whether error occurred; if error did not occur, our analysis ends. *Hailey v. State*, 413 S.W.3d 457, 495 (Tex. App.—Fort Worth 2012, pet. ref'd). If we find error, then we evaluate whether such error caused sufficient harm to compel reversal. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc). The degree of harm necessary for reversal depends on whether the error was preserved. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015). Error that was properly preserved by a timely objection will require reversal "as long as the error is not harmless." *Almanza*, 686 S.W.2d at 171. But, when error is not properly preserved, the error must have resulted in egregious harm to justify reversal. *Id.* Under either harm standard, the actual degree of harm must be assessed in light of the entire jury charge, the state of

the evidence, the arguments of counsel, and any other relevant information revealed by the record as a whole. *Id.* To obtain reversal for jury-charge error, appellant must have suffered actual harm and not merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012) (op. on reh'g).

Appellant contends that the trial court erred in its charge to the jury because it contained a definition of "sexual conduct" that would allow the jury to convict appellant for sexual conduct about which testimony was admitted but that was not contained within the indictment. Assuming, without deciding, that the jury charge in this case was erroneous,[3] we conclude that it did not harm appellant to an extent that would justify reversal.

The appropriate degree of harm necessary for reversal depends on whether the error was preserved. *See Villarreal*, 453 S.W.3d at 433. The basic principle of error preservation is that the complaining party must let the trial judge know what he wants and why he thinks he is entitled to it in a manner clear enough for the judge to understand and at a time when the trial court is in a position to do something about it. *Chase v. State*, 448 S.W.3d 6, 11 (Tex. Crim. App. 2014); *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014); *see also* TEX. R. APP. P. 33.1 (to preserve error a timely objection must be made that states the grounds "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"). While the courts "are not hyper-technical in examination of

---

[3] Appellant premises his contention that the trial court's jury charge was in error on the fact that the charge did not specifically limit the jury's consideration of this extraneous offense evidence. However, appellant acknowledges in his brief that he did not request a limiting instruction when the evidence was offered or during the charge conference.

4

whether error was preserved," the point of error on appeal must comport with the objection made at trial. *Bekendam*, 441 S.W.3d at 300.

At the charge conference, appellant's objection was as follows:

> As to paragraph five[,] you're instructed that Members of the Jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant.

> Again, that goes back to the very heart of the objection I made prior to trial, that the law itself, that my client is being tried on[,] specifically 21.02 of the Texas Penal Code. While it may require that all 12 jurors believe something happened, it has to be unanimous, in my opinion, to withstand constitution[al] scrutiny because it does not require the 12 of them to agree on what or at least on specific dates, specific times and things of that nature, it basically just sets up a scenario where someone can come in and say, somebody committed a crime against me and it was this and then that's all they have to say.

> And we believe it's unconstitutional, probably an overbroad argument more than anything.

Appellant's objection to the jury charge was "that the law itself" "has to be unanimous . . . to withstand constitution[al] scrutiny" because the jury is not required to agree that the offenses occurred "on specific dates, specific times and things of that nature . . . ." This is clearly an objection that the statute, on its face, violates defendants' due process rights because juries are not required to be unanimous about which individual acts constitute the required two or more acts of sexual abuse. However, on appeal, appellant expressly disclaims advancing a constitutional challenge to the statute and, rather, contends that the jury charge did not limit the acts upon which appellant could be convicted to those identified in the indictment, namely, inducing S.M. to masturbate. While we are cautioned not to be hyper-technical in our examination of

5

whether error was preserved, we cannot conclude that appellant's trial objection comports with the argument he presents on appeal. *See id.* As such, appellant failed to preserve the claim of error that he advances on appeal, so we must apply the "egregious harm" standard. *See Almanza*, 686 S.W.2d at 171.

The entirety of the jury charge in this case reveals that appellant did not suffer egregious harm. The application paragraph properly directed the jury only to the acts of sexual abuse authorized by the indictment, namely, acts of inducing S.M. to masturbate, and did not authorize conviction for other acts about which the jury heard testimony, such as "anal rape, complete regular sexual intercourse, exposure of genitals and breast, etc." In determining whether the jury charge improperly expanded on the allegations in the indictment, and in making a harm analysis, the proper focus is on the language in the application paragraph. *See Yzaguirre v. State*, 394 S.W.3d 526, 530 (Tex. Crim. App. 2013). "Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999). Therefore, even if the instructions in the abstract portion of the charge were erroneous, we cannot conclude appellant suffered egregious harm. *See Patrick v. State*, 906 S.W.2d 481, 493 (Tex. Crim. App. 1995) (en banc).

Recently, arguments substantially the same as the one advanced by appellant have been presented to the Eastland and Dallas Courts of Appeals. *See Martinez v. State*, No. 11-13-00080-CR, 2015 Tex. App. LEXIS 2656, at *19-21 (Tex. App.—Eastland Mar. 20, 2015, pet. ref'd) (mem. op., not designated for publication); *Perez v. State*, No. 05-12-00377-CR, 2013 Tex. App. LEXIS 10771, at *18-21 (Tex. App.—Dallas Aug. 26, 2013, pet. ref'd) (not designated for publication). In *Martinez*, appellant

contended that the jury charge did not limit the jury to convict appellant only for the acts alleged in the indictment, and not for the extraneous offense regarding appellant touching the child's breast. Citing that the charge used substantially the same language as the statute and that the charge made no specific reference to appellant touching the child's breast, the Eastland Court concluded that, even if the charge was erroneous, it did not cause appellant egregious harm. *See Martinez*, 2015 Tex. App. LEXIS 2656, at *20-21. In *Perez*, the appellant presented the same argument that appellant presents in this case. However, the Court concluded that,

> although the abstract portion of the charge included the full statutory definitions of "sexual contact" and "aggravated sexual assault of a child," the application paragraph properly directed the jury only to the acts of sexual abuse authorized by the indictment, and did not authorize conviction for touching [the victim]'s breast or anal penetration. Therefore, even if the instructions were erroneous, we cannot conclude appellant suffered egregious harm.

*Perez*, 2013 Tex. App. LEXIS 10771, at *21 (citing *Patrick*, 906 S.W.2d at 493). We agree with our sister courts' analysis of this issue. We overrule appellant's sole issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

Publish.