

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-22-00323-CR
_____

RONALD LEE HOWARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2020I-108, Honorable Roland D. Saul, Presiding

October 24, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Ronald Lee Howard, was convicted by a jury of aggravated sexual assault.[1] The jury assessed punishment at life imprisonment. By six issues, Appellant contends: (1) the evidence was legally insufficient because it did not demonstrate *scienter* of the aggravating factor; (2) the jury charge failed to include an instruction on *scienter* of the aggravating factor; (3) because the statute is ambiguous, a

---

[1] TEX. PENAL CODE ANN. § 22.021.

*scienter* requirement should be extended to the aggravating factor; (4) in the alternative, the jury charge required an instruction on *scienter* because the statute is ambiguous and canons of construction and interpretation demonstrate a *scienter* requirement; (5) the jury charge erroneously included culpable mental state instructions for "result of conduct" rather than "nature of conduct"; and (6) because Appellant's trial counsel failed to object to the jury charge error, he suffered from ineffective assistance of counsel. We affirm.

## BACKGROUND

Appellant, a local farmer and former truck driver, and the complainant, an intellectually disabled nineteen-year-old, have known each other since the complainant was a toddler. They became familiar with each other through Appellant's stepdaughter, who was in special education classes with the complainant. After not seeing each other for many years, they met in a chance encounter at a Walmart. Appellant extended an invitation to the complainant and her nine-year-old sister to visit his farm and spend the night which they accepted. In the middle of the night, Appellant engaged in sex with the complainant. During interviews with investigators, Appellant claimed the encounter was consensual. The complainant maintained it was nonconsensual. Appellant was charged with two counts of aggravated sexual assault of a disabled person based upon the complainant's statements he performed both vaginal and oral sex with her.

At trial, the jury heard testimony from several people who knew the complainant and her diminished mental capacity establishing she was a "disabled individual." The jury also heard from the complainant and her sister regarding the events of the evening in Appellant's home. Complainant maintained at trial she did not consent to the sexual

2

contact.  Appellant testified in his defense and stated the encounter was consensual.  At the end of trial, the jury found Appellant guilty of two counts of aggravated sexual assault and sentenced him to 99 years in prison for each count.  This appeal followed.

**APPLICABLE LAW**

A person commits the offense of aggravated sexual assault under the following conditions:

> AGGRAVATED SEXUAL ASSAULT.  (a)  A person commits an offense:
>
>> (1)  if the person:
>>
>>> (A)  intentionally or knowingly:
>>>
>>>> (i)  causes the penetration of the anus or sexual organ of another person by any means, without that person's consent; [or]
>>>>
>>>> (ii)  causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; []
>>>>
>>>> ***
>>>
>>> (B) . . . ; and
>>
>> (2)  if:
>>
>> ***
>>
>>> (C)  the victim is an elderly individual or a disabled individual.

§ 22.021(a)(1)(A),(2)(C).

"Disabled individual" means a person older than 13 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect the

3

person's self from harm or to provide food, shelter, or medical care for the person's self.

§ 22.021(b)(3).

An aggravated sexual assault is without consent if:

> (1)  the actor compels the other person to submit or participate by the use of physical force, violence, or coercion;
>
> (2)  the actor compels the other person to submit or participate by threatening to use force or violence against the other person or to cause harm to the other person, and the other person believes that the actor has the present ability to execute the threat; [or]
>
> ***
>
> (4)  the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it[.]

§§ 22.021(c); 22.011(b)(1),(2),(4).

## STANDARD OF REVIEW

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *see also Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243–44 (Tex. Crim. App. 2019). We consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (citing *Jackson*, 443 U.S. at 318–19). A reviewing court's duty, however, does

4

require it to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). If the evidence establishes precisely what the State has alleged, but the acts the State has alleged do not constitute a criminal offense under the totality of the circumstances, then that evidence, as a matter of law, cannot support a conviction. *Id.*

"In some cases, however, legal sufficiency turns upon the meaning of the statute under which the defendant is being prosecuted. We ask if certain conduct actually constitutes an offense under the statute. When we interpret statutes, we look to the literal text of the statute in question and attempt to discern the fair, objective meaning of the text at the time of its enactment. If the plain language is clear and unambiguous, our analysis ends because the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute. Statutory interpretation is a question of law that we review de novo." *Day v. State*, 614 S.W.3d 121, 127 (Tex. Crim. App. 2020) (citations and internal quotations omitted).

## ANALYSIS

### ISSUE ONE—SCIENTER OF THE AGGRAVATING ELEMENT

Appellant argues in his first issue there is insufficient evidence supporting his conviction for aggravated sexual assault beyond a reasonable doubt. Particularly, he argues, under the statute, the aggravating element of the offense in this case— "victim is [a] disabled individual" —requires proof of *scienter*, i.e., the knowledge the complainant was a disabled person at the time of the offense. *See* § 22.021(a)(2)(C). Because the

5

State failed to introduce such evidence, he urges, aggravated sexual assault was not proved beyond a reasonable doubt, and the judgment should be reformed to the lesser included offense of sexual assault.

Appellant does not contest sufficiency of the evidence demonstrating the complainant was a "disabled individual" as defined by statute at the time of the offense, nor does he contest sufficiency of the evidence demonstrating lack of consent. Indeed, he concedes "the complainant and her sister both testified that the sexual act was nonconsensual, which the jury evidently believed, rendering the alternative means of showing lack of consent moot." He also concedes the elements of non-aggravated sexual assault were met. Thus, the only issue before us is one of statutory interpretation: whether the Legislature intended *scienter* as a requirement for the aggravating elements of the offense of aggravated sexual assault.

When interpreting statutes, we look first to the statute's literal text, and "we read words and phrases in context and construe them according to the rules of grammar and usage." *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011) (citations omitted, quotations original). We must "presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Id.* (quotations original). Only if the statutory language is ambiguous or leads to absurd results that the Texas Legislature could not have possibly intended may we consult extra-textual sources. *Id.* Using these principles, we are tasked with analyzing the following language from the statute applicable to this matter:

> [] A person commits an offense (1) if the person[] intentionally or knowingly: (i) causes the penetration of the anus or sexual organ of

6

another person by any means, without that person's consent; [or] causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent;[] **and** (2) if[] the victim is an elderly individual or a disabled individual.

§ 22.021(a)(1)(A), (a)(2)(C) (emphasis added).

Our plain reading of the statute finds two separate clauses: (1) the act of nonconsensual penetration, which must be done intentionally or knowingly; and (2) the aggravating factors based on the harm caused to the victim or the status of the victim as a child, elderly person, or, relevant here, a disabled person. It is clear the "intentionally or knowingly" requirement applies only to section 22.021(a)(1) of the statute concerning the act of "penetration," and is separated from the second part, section 22.021(a)(2), concerning the aggravating factor of the status of the victim. The use of the word "and" after section 22.021(a)(1) also signals the beginning of a new clause under section 22.021(a)(2), in which there is no *mens rea* requirement. "[T]his prescription of a mental state as to one element and not as to others sufficiently demonstrates the Legislature's intent to dispense with a mental state as to those other elements." *Rodriguez v. State*, 538 S.W.3d 623, 628 (Tex. Crim. App. 2018) (quoting *White v. State*, 509 S.W.3d 307, 313 (Tex. Crim. App. 2017)). Because they specifically placed the "intentionally and knowingly" language within section 22.021(a)(1) and neglected to do so in 22.021(a)(2), we conclude the Legislature did not intend for the aggravating factors of the offense to require proof of *scienter*.[2]

---

[2] Moreover, even if Appellant did not intend to specifically sexually assault a disabled person, he would still be criminally responsible for the act because "the only difference between what actually occurred and what he desired, contemplated, or risked is that [] a different offense was committed[.]" § 6.04(b)(1).

Appellant would have us read into the statute a *scienter* requirement based on the legislative history of the statute and our own decisions which, up to now, have not expressly excluded a *scienter* requirement for the aggravating factors of the offense. We decline to do so. Appellant's first issue is overruled.

## ISSUES TWO, THREE, AND FOUR—SCIENTER INSTRUCTION IN THE JURY CHARGE

Because we find the statutory language of section 22.021 to be unambiguous and because we do not find the statute requires proof of *scienter* with regard to the aggravating factor of "the victim is [a] disabled individual," it was also not necessary for the trial court to include an instruction regarding *scienter*. *Supra*. Accordingly, Appellant's second, third, and fourth issues are overruled.

## ISSUE FIVE—JURY CHARGE ERROR

For his fifth issue, Appellant asserts the jury charge during guilt/innocence was erroneous and caused him egregious harm by requiring the jury to consider the effects of the offenses on the complainant rather than the nature of the accusations. The State concedes the charge was erroneous. While we agree the charge is erroneous, we disagree Appellant suffered egregious harm.

Appellate review of claimed jury-charge error involves a two-step process. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); s*ee also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). A reviewing court must initially determine whether charge error occurred. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If an appellate court finds charge error, the next step requires the reviewing court

8

to analyze that error for harm. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

Charge error requires reversal when a proper objection has been made and a reviewing court finds "some" harm, i.e., error that is calculated to injure the rights of the defendant. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009), *overruled on other grounds by Sandoval v. State*, 665 S.W.3d 496, 537 (Tex. Crim. App. 2022). Where the alleged error is not preserved by objection, an appellant can prevail only if the error caused egregious harm. *Fraser v. State*, 593 S.W.3d 883, 888 (Tex. App.—Amarillo 2019, pet. ref'd). Jury charge error is egregious if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Arteaga v. State*, 521 S.W.3d 329, 338 (Tex. Crim. App. 2017), *superseded in part by* TEX. PENAL CODE ANN. § 22.011(f). The harm must be actual and not theoretical. *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011). Egregious harm is a "high and difficult standard which must be borne out by the trial record." *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). Error in the abstract instruction is not egregious where the application paragraph correctly instructs the jury. *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999).

The Texas Court of Criminal Appeals has identified aggravated sexual assault is as a "nature-of-conduct" offense. *Metcalf v. State*, 597 S.W.3d 847, 857–58 (Tex. Crim. App. 2020). It criminalizes very specific conduct of several different types. *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999). "When 'specific acts are criminalized because of their very nature, [the] culpable mental state must apply to committing the act itself.'" *Price v. State*, 457 S.W.3d 437, 441 (Tex. Crim. App. 2015) (quoting *McQueen v.*

*State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989)). "A trial court errs when it fails to limit the language in regard to the applicable culpable mental states to the appropriate conduct element." *Price*, 457 S.W.3d at 441 (citing *Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994)).

The State admits the jury charge erroneously gave the "result of conduct" definitions of the "intentionally" and "knowingly" culpable mental states, which dispenses with step one in a charge-error analysis. In the second step of the analysis, we must review the record for egregious harm revealed by the record of the trial as a whole. *See Fraser*, 593 S.W.3d at 888. Also, there is no burden of proof or persuasion in a harm analysis conducted under *Almanza. See id.* at 889.

Although the abstract portion of the jury charge defining the culpable mental states was erroneous, the application paragraphs correctly stated the law. The application paragraphs required the jury to convict only upon finding beyond a reasonable doubt Appellant "did then and there intentionally or knowingly cause the penetration of the sexual organ of [the complainant], a person who was then and there a disabled individual, by defendant's sexual organ, without the consent of the complainant[.]"[3] It is clear from the application paragraph the jury was not authorized to convict Appellant without finding beyond a reasonable doubt he "intentionally or knowingly" committed the offense with respect to the "nature of conduct" as oppose to the result of conduct. Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not

---

[3] The second application paragraph was identical to the first, replacing the words "penetration of the sexual organ" with "penetration of the mouth" to encompass both counts of aggravated sexual assault contained in the indictment.

egregious.  *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *see also Bolen v. State*, 478 S.W.3d 865, 868–69 (Tex. App.—Amarillo 2015, pet. ref'd).  Appellant's fifth issue is overruled.

**ISSUE SIX—INEFFECTIVE ASSISTANCE OF COUNSEL**

In his final issue, Appellant asserts his counsel's failure to object to the "result of conduct" definitions of "intentionally" and "knowingly" in the jury charge constitutes ineffective assistance of counsel.  He asserts, but for the failure to object, he would have had a different outcome and had the benefit of a lower bar of showing "some" harm from the erroneous jury charge as opposed to the higher bar of "egregious harm."  He maintains defense counsel's performance was deficient as a matter of law.  We disagree.

The right to reasonably effective assistance of counsel in a criminal prosecution is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution.  U.S. CONST. amend VI; TEX. CONST. art. 1, § 10.  To establish a claim based on ineffective assistance, an appellant must show (1) his counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  In other words, an appellant must show his trial counsel's performance was deficient and he was prejudiced by the deficiency.  *State v. Gutierrez*, 541 S.W.3d 91, 98 (Tex. Crim. App. 2017).

A claim of ineffective assistance of counsel must be firmly demonstrated in the record.  *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Thompson*

11

*v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)). "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). We must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013).

Without deciding whether his counsel's conduct fell below the objective standard of reasonableness, we cannot say there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. Ultimately, the case was decided on the credibility of the complainant and Appellant. Appellant's defense, that the sex acts were consented to by the complainant, did not place his mental culpability at issue. He admitted to having sexual contact with the complainant, and the jury only had to determine whether the complainant consented to the act. Thus, even if the jury had been properly instructed, it still could have believed the complainant over Appellant and returned a guilty verdict. *See also* TEX. CODE CRIM. PROC. ANN. art. 38.07 (uncorroborated testimony of victim is sufficient to uphold conviction for sexual assault). Under these circumstances, the erroneous instruction on mental culpability could not have affected the outcome of the trial and did not prejudice Appellant. *See Saldivar v. State*, 783 S.W.2d 265, 268 (Tex. App.—Corpus Christi 1989, no pet.) (noting where no defense is presented directly affecting an assessment of mental culpability, there is no harm in submitting erroneous definitions of intentionally and knowingly).

We conclude Appellant failed to satisfy the second prong of *Strickland*. *Compare with Smith v. State*, No. 07-18-00304-CR, 2019 Tex. App. LEXIS 1349, at *4 (Tex. App.—

Amarillo Feb. 22, 2019, no pet.) (mem. op., not designated for publication). We overrule Appellant's sixth issue.

## CONCLUSION

The judgment is affirmed.


Alex Yarbrough
Justice

Do not publish.