

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

## No. 07-23-00332-CR

---

**SHANE BYRON TRACY, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 66th District Court
Hill County, Texas[1]
Trial Court No. F312-20, Honorable Philip Robertson, Presiding by Assignment

---

## November 13, 2024

## OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

After we issued our October 8, 2024 opinion in this case, the State of Texas moved for rehearing. We deny the motion for rehearing, withdraw our opinion and judgment of October 8, and substitute the following opinion instead.

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the transferor court and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

Appellant, Shane Byron Tracy, appeals his conviction for the offense of sexual performance by a child[2] and resulting sentence of sixty years' incarceration and a $10,000 fine. We reverse the trial court's judgment and render a judgment of acquittal.

## FACTUAL AND PROCEDURAL BACKGROUND

R.S. met her father, Appellant, when she was fourteen years old. When she met him, she was aware that he had recently been released from prison, but she was unaware of the nature of the offense for which he was incarcerated.[3] After this meeting, R.S. and Appellant met sporadically when they would drive around or go to restaurants, but R.S. "didn't spend that much time with just him."

In May of 2020, when R.S. was nearing her eighteenth birthday, Appellant asked her to spend the night with him. After R.S. agreed, Appellant picked her up in Coppell and drove her to Appellant's mother's house in Hillsboro. R.S. and Appellant decided to set up a tent in the backyard and pretend like they were camping. While in the tent, R.S. and Appellant drank wine and smoked marijuana. Eventually, R.S. and Appellant fell asleep with Appellant holding R.S. Afterward, R.S. felt "fine" and "good" about the campout and her mother came and picked her up.

On May 15, 2020, R.S. reached out to Appellant to see if she could again stay with him overnight. R.S. and her boyfriend had gotten into an argument and R.S. believed that he was likely to break up with her. She wanted to stay with Appellant because she

---

[2] *See* TEX. PENAL CODE ANN. § 43.25(b).

[3] Subsequently, R.S. learned that Appellant had been convicted of indecency with a child.

2

knew that Appellant "had weed" and she wanted to forget about the argument with her boyfriend. Appellant again picked R.S. up in Coppell and drove her back to Hillsboro. After eating dinner, R.S. and Appellant went to Appellant's room. R.S. played video games while Appellant was "on his phone." After a short period of time, Appellant began smoking marijuana, which he offered to R.S. R.S. and Appellant then smoked marijuana and drank wine throughout the night. After running out of wine, Appellant and R.S. went to a convenience store, where Appellant bought more alcohol. It had started to rain when they arrived at the house. Before entering the house, Appellant tried to dance with R.S., claiming that it was romantic. Once back in Appellant's room, they drank the alcohol while they lay on Appellant's bed. Eventually, Appellant tried to kiss R.S.'s neck and stick his tongue in her mouth. Appellant felt R.S.'s breasts under her bra and put his hand into her pants and touched her clitoris. R.S. resisted Appellant's advances, both physically and verbally. Upon penetrating R.S.'s vagina, Appellant pulled his hands out of R.S.'s pants and began panicking, saying that he should not have done what he did. Appellant then left the room and did not return until the morning. When he did return, R.S. was still sitting on the bed with her hands over her face and shaking. R.S. stated that she was in shock. Later, R.S.'s mother picked her up.

Some days later, R.S. told her sister what Appellant had done to her. R.S.'s sister told R.S.'s mother. R.S.'s mother then took R.S. to the Hillsboro Police Department to report the sexual assault. R.S. was examined by a Denton County Sexual Assault Nurse Examiners Team. Eventually, Appellant was arrested.

The State charged Appellant with one count of sexual assault and one count of sexual performance by a child. The State eventually dropped the sexual assault count

and proceeded only on the sexual performance by a child count. After trial, the jury convicted Appellant and returned a sentencing verdict of sixty years' incarceration. The trial court entered judgment reflecting the jury's verdicts. From this judgment, Appellant timely appealed.

By his appeal, Appellant presents two issues. By his first issue, Appellant contends that the evidence is insufficient to support his conviction for sexual performance by a child. Appellant, through his second issue, alternatively contends that there is a material variance in the verdict. Because our resolution of Appellant's first issue is dispositive, we will not address his second, alternative issue. *See* TEX. R. APP. P. 47.1.

## SUFFICIENCY OF THE EVIDENCE

By his first issue, Appellant contends that the evidence is insufficient to support his conviction for sexual performance by a child. Specifically, Appellant contends that the evidence does not support the finding that Appellant induced R.S. to engage in sexual conduct.

The standard we apply in determining whether the evidence is sufficient to support a conviction is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). Sufficiency of the evidence is measured against the

4

elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all the evidence in the record, both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We are also required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). When the record supports conflicting inferences, we presume that the jury resolved any conflicts in favor of the verdict and will defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

Inherent in Appellant's argument is a contention related to the proper construction of the sexual performance by a child statute. In construing a statute, we seek to effectuate the intent or purpose of the legislature in enacting it. *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011). We look first to the statute's literal text and read the words and phrases in context and construe them according to the rules of grammar and usage. *Id.* We must presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *Id.* "When there is no definition or technical meaning provided for a word or phrase, the terms are typically given their plain and ordinary meaning." *Edwards v. State*, 666 S.W.3d 571, 575 (Tex. Crim. App. 2023) (quoting TEX. GOV'T CODE ANN. § 311.011(a), as

5

providing that, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage.").

The record evidence in the current case sufficiently proves that Appellant committed sexual assault by penetrating R.S.'s sexual organ without her consent. *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A). However, the State elected to dismiss its sexual assault charge against Appellant. Consequently, it was obligated to prove Appellant was guilty of sexual performance by a child, as that was the only remaining charge.

A person commits the offense of sexual performance by a child "if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance." TEX. PENAL CODE ANN. § 43.25(b). "'Sexual conduct' means sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id.* § 43.25(a)(2). "Sexual contact" means "any touching of the anus, breast, or any part of the genitals of another person with the intent to arouse or gratify the sexual desire of any person." *Id.* § 43.01(3); *see id.* § 43.25(a)(7) (applying definition found in section 43.01 to sexual performance by a child offense).

In the present case, it is not alleged that Appellant employed or authorized R.S. to engage in sexual conduct. Rather, the issue in this case regards whether Appellant induced R.S. to engage in sexual conduct.[4] "Induce" is not defined by the Penal Code.

---

[4] Appellant does not dispute the sufficiency of the evidence establishing any element of the offense other than whether he induced R.S. to engage in sexual conduct.

6

*Dornbusch v. State*, 156 S.W.3d 859, 866 (Tex. App.—Corpus Christi 2005, pet. ref'd). Courts have adopted the word's meaning in common usage, which is "to move and lead by persuasion or influence" or "to bring about by influence." *Baker v. State*, No. 10-11-00449-CR, 2012 Tex. App. LEXIS 9345, at *30–31 (Tex. App.— Waco Nov. 8, 2012, no pet.) (mem. op., not designated for publication) (citing *Bell v. State*, 326 S.W.3d 716, 720 (Tex. App.—Dallas 2010, pet. ref'd, untimely filed), and *Dornbusch*, 156 S.W.3d at 866). "Persuade" means "to move by argument, entreaty, or expostulation to a belief, position, or course of action." *Persuade*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003). "Influence" means "the power or capacity of causing an effect in indirect or intangible ways." *Influence*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003). Considering the definitions of these terms together, inducement requires an effect on the induced party's course of action. Thus, the State had to prove not only that Appellant attempted to persuade or influence R.S. into sexual conduct but, also, that his attempt was successful, causing her to at least acquiesce to his advances. The Austin Court of Appeals has articulated that the State is required to prove that the inducement changed the child's conduct. *See Golceff v. State*, No. 03-13-00809-CR, 2016 Tex. App. LEXIS 13565, at *16–17 (Tex. App.—Austin Dec. 22, 2016, pet. ref'd) (mem. op., not designated for publication) (finding evidence sufficient to prove sexual performance by a child based on "evidence support[ing] the jury's findings that [the defendant] had asked [the child] to engage in sexual relations with a dog **and** that [the child] had complied with [the defendant's] requests." (emphasis added)); *see also Dornbusch*, 156 S.W.3d at 868 (defendant "used persuasion and influence **to bring about** [the child's] sexual conduct" (emphasis added)).

7

Appellant did not specifically request that R.S. engage in sexual conduct with him.[5] However, the statute does not require that the inducement be "verbal and explicit." *Id.* at 867. A defendant can induce a child to engage in sexual conduct by "construct[ing] a situation in which [the victim] was unlikely to have the ability to refuse [the defendant's] advances." *Id.* In *Baker*, the transferor court concluded that the defendant created such a scenario. 2012 Tex. App. LEXIS 9345, at *31–32. Baker held a position of parental authority over the child.[6] *Id.* at *31. Baker told the child that if she did not have sex with him, he would tell her mother, who would "hate her and kick her out of the house." *Id.* He also told the child that, if she refused his sexual advances, she would not get to see her brothers and sisters again. *Id.* at *32. The court concluded that, under this scenario, the child "believed that she did not have any choice but to have sex with Baker." *Id.* In *Dornbusch*, a teacher took two teenage students to an out-of-town motel on his own initiative, provided them alcohol, urged them to undress and get in a hot tub with him, and made unsolicited sexual advances toward them. *Dornbusch*, 156 S.W.3d at 867. The court concluded that this was a scenario where the girls would be unlikely to have the ability to refuse the teacher's advances. *See id.* (the victim "was miles away from school (where she was supposed to be) and her only alternative to acquiescing to Dornbusch's advances was to call someone to pick her up from an out-of-town motel, after she had consumed alcohol in the middle of a school day" (parenthetical in original)).

---

[5] The evidence reflects that Appellant forced himself on R.S. Forcing a person to participate in sexual conduct does not constitute an inducement. *See Dornbusch*, 156 S.W.3d at 868 ("Dornbusch seems to read the word 'induce' as meaning 'force,' but we do not equate the terms.").

[6] While Baker was not the child's biological father, he treated the child as if she was his own, including making and enforcing household rules.

8

Our review of the record leads us to conclude that the evidence does not establish that Appellant created a scenario in which R.S. would be unlikely to refuse Appellant's advances. *See id.* While Appellant is R.S.'s biological father,[7] she only met him when she was fourteen. Before the time of the assault, R.S. "didn't spend that much time with just him." Consequently, nothing in the record reflects that Appellant is in any position of authority over R.S. Appellant did not invite R.S. to spend the night with him when the assault occurred; rather, either R.S. or her mother suggested that R.S. stay the night with Appellant. Consequently, Appellant was at a location where she was supposed to be. Because Appellant did not explicitly proposition R.S., he also did not make any explicit or implied threats or promises to her. Instead, Appellant forced himself on R.S. without first urging her to engage in sexual conduct with him. The only factors present in both the current case and in *Dornbusch* are that the assaults occurred out of town[8] and the defendants provided the minors alcohol. We are unwilling to conclude that providing alcohol and/or drugs to a child, taken alone, is sufficient to create a scenario in which the child would not likely feel able to refuse the advances of an adult. Further, that this was not a scenario in which R.S. felt like she could not refuse Appellant's advances is evidenced by the fact that she did resist. We conclude that the evidence is insufficient to establish that Appellant attempted to induce R.S. to engage in sexual conduct.[9]

---

[7] The record reflects that Appellant had voluntarily relinquished his parental rights to R.S.

[8] Unlike *Dornbusch*, where the teacher took the children out of town presumably to isolate them, Appellant simply lived in a different town from R.S.

[9] While we acknowledge that attempted sexual performance by a child is a lesser-included offense of sexual performance by a child, *see* TEX. CODE CRIM. PROC. ANN. art. 37.09(4), and that we are obligated to reform a judgment to reflect a conviction for a "clearly support[ed]" lesser-included offense, *see Turley v. State*, 691 S.W.3d 612, 619 (Tex. Crim. App. 2024) (per curiam), we conclude that the evidence in this

9

Further, as stated above, the State was required to establish that any attempts by Appellant to induce R.S. to engage in sexual conduct were successful and caused her to relent to his advances. *See Golceff,* 2016 Tex. App. LEXIS 13565, at *16–17 (finding evidence sufficient to prove sexual performance by a child based on both defendant's efforts to induce **and** child's compliance with defendant's requests); *see also Dornbusch,* 156 S.W.3d at 867 (finding defendant's persuasion brought about child's sexual conduct). When Appellant "tried pushing his tongue in [R.S.'s] mouth," she kept her mouth closed to prevent him from doing so. When Appellant began groping R.S., she froze while she was trying to understand what was happening. However, she told Appellant that she was menstruating in an effort to prevent him from continuing his assault. This evidence indicates that R.S. resisted Appellant's sexual advances. Consequently, the evidence is insufficient to establish that Appellant induced R.S. to engage in sexual conduct.

Because the record evidence does not establish that Appellant induced R.S. to engage in sexual conduct, as required by the statute, we conclude that the evidence is insufficient to support Appellant's conviction for sexual performance by a child. We sustain Appellant's first issue.

## CONCLUSION

While the State brought two charges against Appellant, it chose to dismiss the sexual assault charge and proceed only on the sexual performance by a child charge.

---

case does not clearly support Appellant's conviction for the lesser-included offense of attempted sexual performance by a child.

Having found the evidence insufficient to support this charge, we reverse the judgment of

conviction and render a judgment acquitting Appellant.  *See* TEX. R. APP. P. 43.2(c).


                                                      Judy C. Parker
                                                         Justice

Publish